# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

PERRY DEAN MASON,            )
                             )
    Movant,                  )
                             )
v.                           )   Case No. CV416-172
                             )              CR499-238
UNITED STATES OF AMERICA,    )
                             )
    Respondent.              )

## REPORT AND RECOMMENDATION

Over a decade ago this Court denied Perry Mason's first 28 U.S.C. § 2255 motion on the merits. CR499-238, doc. 41, *adopted*, doc. 51. , *certificate of appealability denied*, doc. 53. In this, his numerically third § 2255 motion,[1] doc. 101, he seeks to exploit the new rule announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), made retroactive by *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016), and triggering a wave of successive § 2255 filings. *See In re Fleur*, ___ F.3d ___, 2016 WL 3190539 (11th Cir. June 8, 2016), *In re Hines*, ___ F.3d ___, 2016 WL 3189822 (11th Cir. June 8, 2016), and *In re*

---

[1] This may in fact be Mason's *fourth* such motion. Still pending on this Court's docket is his "motion for writ of *audita querela*," (doc. 93) which he filed on July 13, 2015. A preliminary peek at the motion strongly suggests a § 2255 motion in disguise, which would make the present motion Mason's fourth.

*Ricardo Pinder, Jr.*, \_\_ F.3d \_\_, 2016 WL 3081954 at * 1 (11th Cir. June 1, 2016).

Some of those successive-writ movants have succeeded in knocking on the appellate court's door. *See, e.g., In re Hubbard*, \_\_ F.3d \_\_, 2016 WL 3181417 at *7 (June 8, 2016) ("Because application of *Johnson* to § 16(b) as incorporated into the Sentencing Guidelines might render the career-offender residual clause that was applicable at the time Hubbard was sentenced unconstitutional, and because the rule in *Johnson* is substantive with respect to its application to the Sentencing Guidelines and therefore applies retroactively, this Court grants Hubbard's request for authorization to file a successive § 2255 motion.").

Mason, too, must knock on the Eleventh Circuit's door. *See In re Williams*, \_\_ F.3d \_\_, 2016 WL 3460899 (11th Cir. June 24, 2016); *In re Colon*, No., \_\_ F.3d \_\_, 2016 WL 3461009 (11th Cir. June 24, 2016); *In re Robinson*, \_\_ F.3d \_\_, 2016 WL 1583616 (11th Cir. Apr. 19, 2016). He may have already. *See* doc. 101 at 11 ("Enclosed you will find two copies of the proposed . . . § 2255 motion (successive) I request to be filed, and held in abeyance pending the Appellate Court decision to permit the

District Court to entertain this motion.") A check of the Eleventh Circuit's docket, however, reveals no pending Mason petitions.

Given the time constraints illuminated by the *Robinson* concurrence, 2016 WL 1583616 at * 2 ("As best I can tell, all the prisoners we turned away may only have until June 26, 2016, to refile applications based on *Johnson*."), the Clerk should be **DIRECTED** to simply transfer Mason's June 23, 2016 signature-filed § 2255 motion (doc. 101 at 10) directly to that court for *nunc pro tunc* filing.[2] Upon such transfer, the Probation Office shall file any Presentence Investigation Report under seal. While this all may be redundant, transfer ensures that any claim (or unique spin on one) raised here but

---

[2] Statutory authority exists for this:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631, quoted in *Wainwright v. United States*, 2016 WL 3452551 at * 2 n. 3 (S.D. Fla., June 24, 2016); *see also id.* at * 2 n. 2 ("In accordance with 28 U.S.C. § 1631, the Clerk shall TRANSFER this action to the United States Court of Appeals for the Eleventh Circuit. This Court respectfully requests that the Eleventh Circuit treat Movant's motion as an application for leave to file a second or successive § 2255 motion.").

not in Mason's filing with the Eleventh Circuit (if any) will be placed before that court. Plus, transfer clears the motion from this Court's docket.

**SO REPORTED AND RECOMMENDED,** this <u>29th</u> day of June, 2016.

<u>/s/ G. R. Smith</u>
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA