IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

PERRY DEAN MASON,                )
                                 )
    Petitioner,                  )
                                 )
v.                               )   CASE NOS. CV416-172
                                 )              CR499-238
UNITED STATES OF AMERICA,        )
                                 )
    Respondent.                  )
                                 )

## ORDER

On June 23, 2016, Petitioner filed a Motion to Vacate Sentence Under 28 U.S.C. § 2255. (Doc. 1.) Because the petition was successive, the Court directed the Clerk's office to transfer Petitioner's June 23, 2016 signature-filed § 2255 motion to the Eleventh Circuit Court of Appeals for nunc pro tunc filing. (Doc. 4.) However, Petitioner also filed a separate request for permission to file a second or successive 28 U.S.C. § 2255 motion with the Eleventh Circuit. The Eleventh Circuit has granted that request. As a result, the Court **VACATES** its prior order adopting the Magistrate Judge's Report and Recommendation. (Id.) The Clerk of Court is **DIRECTED** to **REOPEN** this case and the Report and Recommendation (Doc. 2) is accordingly **DISMISSED AS MOOT**.

SO ORDERED this 9th day of August 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 16-14303-J

IN RE: PERRY DEAN MASON,

                                                                                             Petitioner.

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

Before TJOFLAT, WILSON, and MARTIN, Circuit Judges.

ORDER:

Perry Dean Mason has filed a pro se application for permission to file a 28 U.S.C. § 2255 motion based on Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). Because Mr. Mason previously filed a § 2255 motion, his new motion must be "certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima

facie showing that the application satisfies the requirements of this subsection." Id. § 2244(b)(3)(C).

Mr. Mason was sentenced using language in United States Sentencing Guideline § 4B1.2 that is identical to the language that the Supreme Court held unconstitutional in Johnson. The government agrees that Johnson makes the identical § 4B1.2 language unconstitutional as well, at least on direct appeal. But our Court has ruled that it doesn't. See United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015). The Supreme Court will hear a case next term that will allow the Court to evaluate our rulings in Matchett and Griffin. See Beckles v. United States, No. 15-8544, 2016 WL 1029080, at *1 (U.S. June 27, 2016). We recognize that the "grant of certiorari does not constitute new law." Ritter v. Thigpen, 828 F.2d 662, 665–66 (11th Cir. 1987). But our task here is not to conclusively decide Mr. Mason's § 2255 motion. Rather, the question before us is whether Mr. Mason made "a sufficient showing of possible merit to warrant a fuller exploration by the district court." In re Holladay, 331 F.3d 1169, 1173 (11th Cir. 2003). And if the Supreme Court thinks Travis Beckles's case is worth hearing, then Mr. Mason's case also has enough "possible merit to warrant a fuller explanation." Id.

We therefore hold that Mr. Mason can file a § 2255 motion based on Johnson in the District Court at this time. If Mr. Mason files a § 2255 motion in

the District Court prior to the <u>Beckles</u> decision, the District Court may wish to stay the proceedings until the Supreme Court's decision.

**APPLICATION GRANTED.**

TJOFLAT, Circuit Judge, dissenting:

Perry Dean Mason was sentenced as a career offender under the Sentencing Guidelines based on his two Florida robbery convictions that each constituted a prior felony conviction of a crime of violence pursuant to United States Sentencing Guideline § 4B1.2(a)(2). Mason has filed an application for permission to file a successive 28 U.S.C. § 2255 motion, arguing that *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), should be applied to invalidate his sentence under the Sentencing Guidelines. This Court has already held that *Johnson* does not apply to the Sentencing Guidelines for the purpose of a petitioner's application for leave to file a successive § 2255 petition. *In re Griffin*, No. 16-12012, 2016 WL 3002293 (11th Cir. May 25, 2016). Enigmatically, the majority grants Mason's petition, reasoning that the United States Supreme Court's grant of certiorari to review whether *Johnson* applies to the Sentencing Guidelines is sufficient to merit a prima facie case. *See Beckles v. United States*, No. 15-8544, 2016 WL 1029080, at *1 (U.S. June 27, 2016). But "[a] grant of certiorari in *Beckles* does not and cannot serve as a ground for granting an application to file a second or successive § 2255 motion." *In re Brad Bradley Bradford*, No. 16-14512, 2016 WL 4010437, at *2 (11th Cir. July 27, 2016). Our precedent is clear— *Johnson* does not apply to the Sentencing Guidelines, and "*Beckles* cannot serve

and does not serve to establish a prima facie case under § 2255(h)(2)." *Id.*

Accordingly, Mason's application should be denied. I respectfully dissent.