# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

PERRY DEAN MASON,      )
                          )
      Movant,       )
                          )
v.                        )        CV416-172
                          )        CR499-238
UNITED STATES OF AMERICA,  )
                          )
      Respondent.   )

## ORDER

Over a decade ago this Court denied Perry Mason's first 28 U.S.C. § 2255 motion on the merits. CR499-238, doc. 41, *adopted*, doc. 51. , *certificate of appealability denied*, doc. 53. In this, his numerically third § 2255 motion,[1] doc. 101, he seeks to exploit the new rule announced in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), made retroactive by *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016), to neutralize the 262-month enhanced sentence he received for five prior convictions for robbery in Florida. Doc. 101 (disputing the sentence as a career offender under U.S.S.G. § 4B1.2),

---

[1] This may in fact be Mason's fourth such motion. Still pending on this Court's docket is his "motion for writ of *audita querela*," doc. 93, which he filed on July 13, 2015. A preliminary peek at the motion strongly suggests a § 2255 motion in disguise, which would make the present motion Mason's fourth.

*see* docs. 19 & 20.

Mason successfully sought and received permission from the Eleventh Circuit to file a successive § 2255 motion, and the panel cautioned that the language in U.S.S.G. § 4B1.2 may soon be found unconstitutional. *In re: Perry Dean Mason*, No. 16-14303-J (11th Cir. July 29, 2016) (attached). The Supreme Court recently granted certiorari in *Beckles v. United States*, No. 15-8544, 136 S. Ct. 2510 (June 27, 2106), as to whether *Johnson* applies to the Sentencing Guidelines' definition of "crime of violence" and, if so, whether the *Beckles* decision will apply retroactively to cases on collateral review. In its Response to Mason's § 2255 motion, the Government obliquely requests a stay pending a decision in *Beckles* . Doc. 109.

The Court agrees and therefore **STAYS** this case until the Supreme Court decides *Beckles*. The Government shall file a Revised Response to Mason's § 2255 motion within 21 days of the Supreme Court's decision in *Beckles.*

**SO ORDERED,** this  7th  day of November, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 16-14303-J

————————————————

IN RE: PERRY DEAN MASON,

Petitioner.

————————————————

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

————————————————

Before TJOFLAT, WILSON, and MARTIN, Circuit Judges.

ORDER:

Perry Dean Mason has filed a pro se application for permission to file a

28 U.S.C. § 2255 motion based on Johnson v. United States, 576 U.S. ___, 135

S. Ct. 2551 (2015).  Because Mr. Mason previously filed a § 2255 motion, his new

motion must be "certified as provided in section 2244 by a panel of the appropriate

court of appeals to contain . . . a new rule of constitutional law, made retroactive to

cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h)(2).  "The court of appeals may authorize the filing of a second

or successive application only if it determines that the application makes a prima

facie showing that the application satisfies the requirements of this subsection." Id. § 2244(b)(3)(C).

Mr. Mason was sentenced using language in United States Sentencing Guideline § 4B1.2 that is identical to the language that the Supreme Court held unconstitutional in Johnson. The government agrees that Johnson makes the identical § 4B1.2 language unconstitutional as well, at least on direct appeal. But our Court has ruled that it doesn't. See United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015). The Supreme Court will hear a case next term that will allow the Court to evaluate our rulings in Matchett and Griffin. See Beckles v. United States, No. 15-8544, 2016 WL 1029080, at *1 (U.S. June 27, 2016). We recognize that the "grant of certiorari does not constitute new law." Ritter v. Thigpen, 828 F.2d 662, 665–66 (11th Cir. 1987). But our task here is not to conclusively decide Mr. Mason's § 2255 motion. Rather, the question before us is whether Mr. Mason made "a sufficient showing of possible merit to warrant a fuller exploration by the district court." In re Holladay, 331 F.3d 1169, 1173 (11th Cir. 2003). And if the Supreme Court thinks Travis Beckles's case is worth hearing, then Mr. Mason's case also has enough "possible merit to warrant a fuller explanation." Id.

We therefore hold that Mr. Mason can file a § 2255 motion based on Johnson in the District Court at this time. If Mr. Mason files a § 2255 motion in

2

the District Court prior to the <u>Beckles</u> decision, the District Court may wish to stay the proceedings until the Supreme Court's decision.

**APPLICATION GRANTED.**

TJOFLAT, Circuit Judge, dissenting:

Perry Dean Mason was sentenced as a career offender under the Sentencing Guidelines based on his two Florida robbery convictions that each constituted a prior felony conviction of a crime of violence pursuant to United States Sentencing Guideline § 4B1.2(a)(2). Mason has filed an application for permission to file a successive 28 U.S.C. § 2255 motion, arguing that *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), should be applied to invalidate his sentence under the Sentencing Guidelines. This Court has already held that *Johnson* does not apply to the Sentencing Guidelines for the purpose of a petitioner's application for leave to file a successive § 2255 petition. *In re Griffin*, No. 16-12012, 2016 WL 3002293 (11th Cir. May 25, 2016). Enigmatically, the majority grants Mason's petition, reasoning that the United States Supreme Court's grant of certiorari to review whether *Johnson* applies to the Sentencing Guidelines is sufficient to merit a prima facie case. *See Beckles v. United States*, No. 15-8544, 2016 WL 1029080, at *1 (U.S. June 27, 2016). But "[a] grant of certiorari in *Beckles* does not and cannot serve as a ground for granting an application to file a second or successive § 2255 motion." *In re Brad Bradley Bradford*, No. 16-14512, 2016 WL 4010437, at *2 (11th Cir. July 27, 2016). Our precedent is clear— *Johnson* does not apply to the Sentencing Guidelines, and "*Beckles* cannot serve

and does not serve to establish a prima facie case under § 2255(h)(2)." *Id.*

Accordingly, Mason's application should be denied.  I respectfully dissent.