# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

PERRY DEAN MASON,  )
                   )
    Movant,        )
                   )
v.                 )     CV416-172
                   )     CR499-238
UNITED STATES OF AMERICA,  )
                   )
    Respondent.    )

# **REPORT AND RECOMMENDATION**

Over a decade ago this Court denied Perry Mason's first 28 U.S.C. § 2255 motion on the merits. CR499-238, doc. 41, *adopted*, doc. 51, *certificate of appealability denied*, doc. 53. In this, his numerically third § 2255 motion,[1] doc. 101, he seeks to exploit the new rule announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), and made retroactive by *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016), holding the Armed Career Criminal Act's (ACCA) "residual clause" is unconstitutional.

---

[1] This may in fact be Mason's *fourth* such motion. Still pending on this Court's docket is his "motion for writ of *audita querela*," (doc. 93) which he filed on July 13, 2015. A preliminary peek at the motion strongly suggests a § 2255 motion in disguise, which would make the present motion Mason's fourth.

Mason, however, was sentenced as a "career offender" under the Sentencing Guidelines -- *not* the ACCA. Presentence Investigative Report (PSR) at ¶ 19, 25, 27-30 (determining he qualified as a "career offender" under U.S.S.G. § 4B1.1 based on five prior convictions for robbery in Florida); *see also* doc. 20 (sentencing him to 262 months' incarceration). And *Johnson*, which invalidated the ACCA residual clause, *does not* extend to the identical language of the Sentencing Guidelines' residual clause. *Beckles v. United States*, __ U.S. __, 2017 WL 855781 (Mar. 6, 2017); *see also United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015) (same). Movant thus has no claim for relief.

Perry Mason's 28 U.S.C. § 2255 motion therefore should be **DENIED**. For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __22nd__ day of March, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA